***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIO PASTOR, | |
| Petitioner, | Civil Action No. 18-12162 (CCC) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JEFFERSON SESSIONS, et al., | |
| Respondents. | |

**CECCHI, District Judge**:

This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Natalio Pastor. Having screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court dismisses the Petition.

It is unclear what relief Petitioner is seeking. Petitioner alleges that he is currently in deportation proceedings; however, he does not challenge the government's authority to detain him during said proceedings. Instead, Petitioner asserts that "[ICE] is . . . not allowing [him] to make arrangements for [his] family or attend a hearing in Supreme Court in the Bronx that may clear a criminal conviction, giving [him] a way to seek lasting immigration status[.]" (ECF No. 1 at 2.)

Federal habeas relief lies only upon challenges to the fact or duration of a petitioner's confinement, and when the relief he seeks is immediate or speedier release from imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a petitioner is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . . habeas corpus is not an appropriate or available federal remedy," and

the attack should "be brought under the Civil Rights Act in federal court[.]" *Id.* at 494. Because the Petition does not challenge the fact or duration of Petitioner's detention, it is dismissed.

To the extent Petitioner is challenging his final order of removal itself, this Court has no jurisdiction over such challenges. *See* 8 U.S.C. § 1252(a)(5); *Martinez v. Holder*, No. 14-4255, 2014 WL 3519106, at *2 (D.N.J. July 16, 2014) (citing *Jordon v. Att'y Gen.*, 424 F.3d 320, 326 (3d Cir. 2005); *Duvall v. Att'y Gen.*, 436 F.3d 382, 386 (3d Cir. 2006)). Petitioner must challenge any final order of removal with the appropriate circuit court. *See Martinez*, 2014 WL 3519106, at *2. "The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals." *Duvall*, 436 F.3d at 386.

Accordingly, IT IS on this 30 day of July, 2018:

**ORDERED** that the Petition is hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that having dismissed the Petition, Petitioner's motion for a temporary restraining order and stay of removal, (ECF No. 3), is **DENIED AS MOOT**;[1] and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner, and shall **CLOSE** the file.

Claire C. Cecchi, U.S.D.J.

---

[1] The Court has reviewed Petitioner's motion for a temporary restraining order and stay of removal, in which Petitioner essentially asks this Court to stay his removal order. (ECF No. 3). The Court is statutorily prohibited from granting such relief. *See* 8 U.S.C. § 1252(f)(2) ("[N]o court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."). Indeed, the basis of Petitioner's claim to relief is his hope that he will be able to invalidate his state court conviction, which would in turn allow him to apply for a cancellation of removal, one that he again hopes the immigration court would grant. Petitioner's claim to relief is too speculative to constitute clear and convincing evidence.